HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CLIFFORD E. TYMONY,

    Plaintiff,

  v.

DENNY'S,

    Defendant.

Case No. C18-1466-RAJ

ORDER

This matter comes before the Court *sua sponte*. Dkt. # 4. For the reasons that follow, the Court **DISMISSES** *pro se* Plaintiff Clifford Tymony's complaint with leave to amend.

## I. BACKGROUND

On October 5, 2018, Plaintiff filed this suit against Denny's. Dkt. # 1-1. In doing so, he filed an application to proceed *in forma pauperis*. Dkt. # 1. The Honorable Brian A. Tsuchida granted Plaintiff's application. Dkt. # 3.

## II. LEGAL STANDARD

The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C. § 1915. Upon permitting a plaintiff to proceed *in forma pauperis*, the Court is subject to certain requirements set forth under 28 U.S.C. § 1915(e)(2)(B). Among these requirements is the Court's duty to dismiss the plaintiff's case if the Court determines that the complaint fails to state a claim upon which relief may be granted: "the court shall

ORDER – 1

dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners.").

"The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) parallels that used when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, No. 14-378-RSM, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face," which must be "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568, 578 (2007). Where a plaintiff proceeds *pro se*, the court must construe the plaintiff's complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

### III. DISCUSSION

Plaintiff asserts an action against Denny's under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, et seq ("ADEA"). Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie claim of race discrimination in violation of Title VII, a plaintiff must show that (1) he belongs to a protected class; (2) he performed his job satisfactorily; (3) he experienced an adverse employment action; and

ORDER – 2

(4) similarly situated individuals outside of the protected class were treated more favorably. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006).

As for age discrimination, under the ADEA, it is unlawful for any employer to take an adverse action against an employee "because of such individual's age." 29 U.S.C. § 623(a). "[A] plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was the 'but-for' cause of the challenged adverse employment action." *Gross v. FBL Fin. Servs. Inc.*, 557 U.S. 167 (2009). In order to establish a prima facie case of age discrimination, a plaintiff must show that "(1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Whitman v. Mineta*, 541 F.3d 929, 932 (9th Cir. 2008) (internal citations omitted).

Here, Plaintiff claims that Denny's discriminated against him based on his race and age by not giving him "any breaks prior to or after [his] lunch breaks." Dkt. # 4 at 5. Plaintiff's Complaint does not plead any other adverse action, or any other facts indicating (a) whether he worked for Denny's and for how long; or (b) if his treatment differed from that of his colleagues on account of his race or age. These bare-bones and conclusory allegations omit key elements of both Title VII and ADEA claims, and fail to state a race or age discrimination claim under either authority.

However, the Court observes that Plaintiff attached a copy of his EEOC complaint, which contains additional factual allegations. Dkt. # 4 at 11. The Court can consider this exhibit at this stage under Rule 10(c). *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *see also Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (*citing Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc.*, 583 F.2d 426 (9th Cir. 1978)) (noting "material which is properly submitted as part of the

ORDER – 3

complaint may be considered" in ruling on a Rule 12(b)(6) motion to dismiss). According to Plaintiff's EEOC complaint, he worked at Denny's between June 23, 2018 and August 3, 2018, when he voluntarily resigned. Dkt. # 4 at 11. Plaintiff alleges that his manager discriminated against him by prohibiting him from taking his 10-minute breaks, "placed unfair working standards on" Plaintiff, and "made disparaging comments based on [Plaintiff's] age." *Id.*

Even if the Court considers Plaintiff's EEOC complaint as if it were Plaintiff's actual Complaint, Plaintiff's claims would still be insufficient. Nowhere does Plaintiff allege any facts indicating that he or any other Denny's employee were entitled to these 10-minute breaks, or that Plaintiff was denied breaks on account of his race or age when others were granted them. Plaintiff also fails to identify what "unfair working standards" were imposed on him, and what "disparaging" comments were made about his age. Plaintiff's lone vague and conclusory assertion that "to [his] knowledge, other employees outside of [his] protected groups were not subjected to the same treatment" fails to provide any factual clarity as to whether colleagues of different races or age were treated differently. Dkt. # 4 at 11. Without more, Plaintiff fails to allege sufficient facts to identify the adverse action for either his Title VII claim or his ADEA claim, and fails to allege how Denny's treated him differently than his former colleagues. Plaintiff thus fails to state a claim under either Title VII or the ADEA.

### A. Leave to Amend

The Court now considers whether to afford Plaintiff an opportunity to amend his Complaint. "Unless it is absolutely clear that no amendment can cure the defect . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). The Court accordingly grants Plaintiff **twenty-one (21) days** to file an amended complaint that states a valid claim for relief. If Plaintiff fails to timely comply with this Order by filing an amended complaint that corrects the deficiencies

ORDER – 4

noted above, the Court will dismiss this action without leave to amend.

## IV. CONCLUSION

For the reasons stated above, the Court **DISMISSES** Plaintiff's complaint. **Within twenty-one (21) days from the date of this Order**, Plaintiff may file an amended complaint addressing the deficiencies addressed above. If Plaintiff does not file an amended complaint within that timeframe, or if Plaintiff files an amended complaint that does not state a cognizable claim for relief or is otherwise untenable under § 1915(e), the Court will dismiss the action.

DATED this 15th day of October, 2018.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 5